UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK.
------------------------------------------------------------------------x

CLAUDIA GONZALEZ, on behalf of herself
and all others similarly situated,

                 Plaintiff,

      -against-

MERCANTILE ADJUSTMENT BUREAU, LLC
D/B/A MERCANTILE ADJUSTMENT BUREAU, and
"JOHN DOE", and "JANE DOE", numbers 1 through 25
said names being fictitious and intended to designate the
debt collectors whose conduct is complained of herein,
                       Defendants.
------------------------------------------------------------------------x

Docket No.

CV-13 4078

COMPLAINT
JURY TRIAL DEMANDED

FILED
RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 17 2013

LONG ISLAND OFFICE

BRODIE, J.

POLLAK, M.

PRELIMINARY STATEMENT

1.  Plaintiff, Claudia Gonzalez, on behalf of herself and all others similarly situated, and

demanding a trial by jury, brings this action for the illegal practices of Defendant, Mercantile

Adjustment Bureau and John and Jane Does 1-25, (hereinafter "Defendant or "Defendants"),

who, *inter alia,* used illegal practices in their attempts to collect alleged debts from Plaintiff and

others.  Plaintiff alleges that the Defendants have violated the Fair Debt Collection Practices Act,

15 U.S.C. §1692 et. seq. (hereinafter "FDCPA").  Plaintiff, on behalf of herself and all others

similarly situated, seeks statutory damages, punitive damages, costs, attorney's fees and all other

relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA

and all other Common Law or statutory regimes.

PARTIES

2.  Plaintiff, CLAUDIA GONZALEZ, is a natural person, who resides in the State of New York, County of Queens. She is a "consumer" as defined by §1692(a)(3) of the FDCPA.

3.  Defendant MERCANTILE ADJUSTMENT BUREAU is, upon information and belief, a domestic Limited Liability Company formed in the State of New York and which maintains a place of business located at 40 West Avenue Rochester, NY 14611-2626. MERCANTILE ADJUSTMENT BUREAU is a "debt collector" as defined by 15 U.S.C. §1692(a)(6).

4.  Defendants, JOHN AND JANE DOES NUMBERS 1 THOUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained. They share the address of the first named defendant.

5.  Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of MERCANTILE ADJUSTMENT BUREAU that are subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by MERCANTILE ADJUSTMENT BUREAU and, therefore, are personally jointly and severally liable for all of the wrongdoing alleged in this Complaint.

2

## JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. §1692(k)(d) and 28 U.S.C. §1331.

7. Declaratory relief is available pursuant to 28 U.S.C. § 2201, 2202.

8. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claims of Plaintiffs occurred within this Federal Judicial District, and because Plaintiff resides herein at the time this action is commenced.

9. Pendant jurisdiction exists pursuant to 28 U.S.C. §1337.

## RELEVANT STATUTORY SCHEME

10. The Fair Debt Collection Practices Act, 15 U.S.C. §1692(d) ("FDCPA") regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a) - (e).

11. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson,* 988 F.2d 1314 (2d Cir. 1993).

12. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §1692(d), provides that a debt collector may not continue to communicate with a debtor after having been notified to cease and desist from such communication, 15 U.S.C. §1692(d).

## FACTUAL ALLEGATIONS

13.   On and after January 23, 2013, on numerous occasions, Plaintiff received telephone communications as well as letters from Defendant.

14.   The January 23, 2013 telephone call, as were the other telephone calls and letters were "communication" as defined by 15 U.S.C. §1692(a)(2).

15.   In these calls, the caller stated that Defendant represented Consolidated Edison, who had turned over its residential utility bill for collection, and demanded immediate payment therefor.

16.   On February 12, 2013, Plaintiff sent a letter to Defendant demanding that Defendant no longer contact her. See Exhibit "A."

17.   Throughout the month of March 2013, Defendant continued to telephone Plaintiff, requesting payment.

18.   These later calls were all "communications" as defined by 15 U.S.C. §1692(a)(2), and were made in derogation of the Plaintiff's cease and desist directive.

19.   In addition to placing the calls, the callers were rude, hostile, insulting and discriminative in their remarks to Plaintiff. Said remarks were made with the specific intent of harassing and degrading Plaintiff.

20.   The Defendant made discriminatory remarks about Plaintiff, ostensibly based on her Hispanic surname and went on to degrade Plaintiff, wrongfully assuming she was ignorant and uneducated.

## CLASS ALLEGATIONS

21.   This action is brought as a class action.  Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4

22.   This claim is brought on behalf of a Plaintiff Class, consisting of: (a) all persons; (b) residing in the City of New York, Nassau, Suffolk and Westchester counties, (c) for whom Defendants failed to act accordingly in response to cease and desist letters received by debtors whom defendants harassed in violation the FDCPA.

23.   The identities of all class members are readily ascertainable from the records of MERCANTILE ADJUSTMENT BUREAU and those companies on whose behalf it attempted to collect debts.

24.   Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

25.   There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is: whether the Defendant's practice of ignoring cease and desist letters and harassing debtors similarly violate the FDCPA.

26.   Plaintiff's claims are typical of these class members, as all are based upon the same facts and legal theories.

27.   The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint.  The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorney has any interests, which might cause them not to vigorously pursue this action.

28.   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity**: The Plaintiff has been informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's conduct violate 15 U.S.C. §1692(d).

(c) **Adequacy**: The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(d) **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and with unnecessary duplication of effort and expense that individual actions would engender.

29. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct

for MERCANTILE ADJUSTMENT BUREAU, which, on information and belief, collects debts throughout the United States of America.

30.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination continuing to communicate with Plaintiffs violated 15 U.S.C. §§ 1692(d) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

31.    Certification of class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class actions is superior to other available methods for the fair and efficient adjudication of the controversy.

## LEGAL ALLEGATIONS

### First Cause of Action

32.    Plaintiff incorporates paragraph 1 through 31, as if set forth at length herein.

33.    By continuing to contact Plaintiff after having been notified to cease and desist from such communication, Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692(d).

### Second Cause of Action

34. Plaintiff incorporates paragraph 1 through 33, as if set forth at length herein.

35. By speaking to Plaintiff in a derisive and insulting manner they harassed her in violation of the statute.

<u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff respectfully requests the following relief;

    (A)  A jury trial;

    (B)  Statutory damages, for each violation in the amount of $1,000.00 (One Thousand Dollars) pursuant to 15 U.S.C.§ 1692(k);

    (C)  Actual damages;

    (D)  Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C. §1692(k);

    (E)  Any other form of relief that this court deems just and proper.

DATED:  Smithtown, New York
          May 7, 2013

                                    Edward J. Grossman
                                    Attorney for Plaintiff
                                    135 W Main St
                                    Smithtown, NY 11787
                                    (631) 265-5864

To:    MERCANTILE ADJUSTMENT BUREAU, LLC
        d/b/a MERCANTILE ADJUSTMENT BUREAU
        40 West Avenue
        Rochester, NY 14611-2626